**KIMBALL, Plaintiff-Appellee v. KIMBALL BROTHERS, Inc., Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 3632. Decided October 21, 1943.

138

Phil S. Bradford, Columbus, for plaintiff-appellee.
Binns & Tresemer, Columbus, for defendant-appellant, Ida E. Kimball.

## OPINION

By GEIGER, J.

This matter is before this Court on appeal on questions of law from a judgment of the Court below, overruling the motion of Ida E. Kimball, an intervening defendant-appellant, to vacate a cognovit judgment, and from the order of the Court overruling the motion for a new trial.

On February 19, 1943, Ida E. Kimball, as a majority stockholder, director and vice-president of the Kimball Brothers, Incorporated, with leave of the Court, moved for an order vacating a judgment rendered against the corporation, upon the ground that the note sued upon was not a corporate obligation authorized by the board of directors; and that said corporation was not in Court.

On October 10, 1940, Erwin D. Kimball brought an action on a demand promissory note payable to him in the sum of $973.04 for unpaid salary, the same being signed by Kimball Brothers, Inc., by Robert Kimball, treasurer, and containing the usual forms of cognovit notes. The authority was duly exercised by an attorney, Thomas W. Applegate, and judgment for said amount was entered in favor of Erwin D. Kimball on October 10, 1940.

On April 8, 1943, the cause came on to be heard upon the

motion of the intervening defendant to vacate the judgment, and the Court found that the intervening defenddant had failed to establish any facts necessary for vacating the judgment, and by the same entry the Court overruled the motion to vacate the judgment and for a new trial, from which order of the Court the appeal is taken.

Extensive briefs have been filed by counsel, which have been carefully studied.

Erwin D. Kimball, at the time the judgment was taken, was a minor. On the hearing in the Court below on the motion to vacate the judgment, that fact was not called to the attention of the Court. It has been alluded to by both counsel and has been made a basis of argument against the validity of the judgment.

After the case was filed in this Court a stipulation was agreed to between Erwin D. Kimball, plaintiff-appellee, and Ida E. Kimball, defendant-appellant, that said Erwin was born on the 18th day of September, 1920. It was agreed that this stipulation be incorporated into the bill of exceptions and record herein.

Another branch of this case was before this Court by which Ida E. Kimball, the present appellant, sought to secure the cancellation of a deed on the ground that the same was secured through fraud. This Court upon hearing said case held that she had failed to sustain her claim that the deed was secured from her by fraudulent representation of the other members of the Kimball Brothers, Inc.

The present proceeding is brought on the authority of §11631, ¶3, et seq., GC. Paragraph 3 provides that the Common Pleas Court may vacate or modify its own judgment after the term at which it was rendered, (3) for "irregularity in obtaining a judgment or order".

Sec. 11636 GC provides that the Court must decide upon the grounds to vacate or modify a judgment, before trying or deciding the validity of the defense or cause of action.

Sec. 11637 GC, provides that a judgment shall not be vacated on motion "until it is adjudged that there is a valid defense to the action in which the judgment was rendered".

A short history of this corporation and its operation will be of value: Kimball Brothers was incorporated on July 12, 1939, with Erwin D. Kimball, Robert R. Kimball and Ida E. Kimball, this intervenor, as incorporators. At the first meeting of the shareholders, capital stock of 250 shares was authorized; 62 shares to Ida E. Kimball, 62 shares to Erwin D. Kimball, Sr., 62 shares to Erwin D. Kimball, Jr., 62 shares to Robert E. Kimball, and 2 shares to Ruth V. Burkett. Erwin D. Kimball, Sr.,

shortly before his death, transferred his 62 shares to his present widow, Ida E. Kimball. At the first meeting of the incorporators it was provided at said stockholders' meeting that all capacity of the corporation shall be vested and exercised by a board of directors consisting of three persons which shall manage and conduct its business. Ida E. Kimball was present at this initial meeting and all the shares were cast for the adoption of a code of regulations. Erwin D. Kimball, Jr., Robert R. Kimball and Ruth V. Burkett were elected directors for the ensuing year. Erwin D. Kimball, Sr., offered a resolution that should either or any of the directors be chosen as executive officers, then the yearly salaries of such officers respectively be as follows: President, $2600.00; treasurer, $2600.00. No other salaries were then fixed.

On July 12, 1939, the directors held their first meeting. The board proceeded to elect officers as provided by the code. Erwin D. Kimball, Jr., was elected president; Erwin D. Kimball, Sr., vice-president; Robert R. Kimball, secretary and treasurer. A code was adopted in which it was provided that the yearly salaries of the officers of the corporation were fixed: president, $2600.00; vice-president, no salary; secretary and treasurer, $2600.00; general manager, no salary; said salaries to be paid monthly.

On April 4, 1940, there was a stockholders meeting in pursuance of notice showing the total stock represented, that of Ida E. Kimball by Charles A. Schwenker, proxy. The board of directors was reelected with the exception that Ida E. Kimball was elected in the place of Ruth V. Burkett, who retired. The directors met on April 1, 1940, showing Erwin D. Kimball, Jr., and Robert R. Kimball present and Ida E. Kimball, absent. Erwin was elected president and Ida, vice-president, to serve until the next annual meeting or until their successors were elected and qualified. A motion was carried that the salaries heretofore paid to the officers of the company be continued for the ensuing year. This motion was voted by Erwin D. Kimball, Jr., and Robert R. Kimball, directors, both of whom were to draw salaries.

On April 7th there was a stockholders meeting in pursuance of notice, at which the two Kimball boys and Ruth V. Burkett, representing in all 126 shares, were present. Ida E. Kimball and Erwin D. Kimball, holding 124 shares, were absent. Erwin D. Kimball and Robert Kimball were elected directors to serve for the ensuing year or until their successors are elected. Nothing was done at this stockholders meeting in reference to continuing the salaries. On April 7, 1941, there was a directors meeting at which Erwin D. Kimball was elected

president and Ida E. Kimball, vice president, Robert R. Kimball, secretary-treasurer. At that meeting a motion was carried that the salaries heretofore paid to the officers of the company be continued for the ensuing year. This action was not taken at the stockholders meeting, but at the directors meeting. This is substantially the recorded transaction in reference to this company, and out of this arose the question now at issue. Robert R. Kimball, treasurer, executed and delivered to Erwin, the president, the corporation's cognovit note on October 10, 1940, in the amount of $973.00, Erwin being still a minor, he having arrived at his majority on September 18, 1941.

There is no record of authority of the directors to issue this note.

On June 27, 1941, an action was instituted for the appointment of a receiver based upon the unpaid judgment in favor of Erwin Kimball. On July 9, 1941, Ida E. Kimball made a motion to dismiss the receivership as being fraudulent, and on February 19, 1943, she made the motions to set aside the cognovit judgment as above stated.

The assigned errors asserted by Ida E. Kimball are that the trial court erred in finding that she, as defendant-appellant, has failed to establish any of the necessary facts for vacating the cognovit judgment and in overruling her motion to vacate and her motion for a new trial.

Counsel for appellant endeavors to establish the error of the Court below in five separate propositions.

**Proposition 1.** Counsel cites the code provisions already alluded to for the setting aside of a judgment after term and also cites **23 O. Jur., 1184.**

**Proposition 2.** This is to the effect that under the laws of Ohio an infant cannot function as an incorporator or as a director or as an officer of the corporation, although he may be a stockholder. **Secs. 8623-4, 8623-55, 8673-2 GC; 21 O. Jur. 865,** are cited.

**Proposition 3.** Under the laws of Ohio the action of an infant must be brought by his guardian or next friend and if the infant attempts to sue in his own name the action shall be dismissed. Citing **Section 11247 GC; 21 O. Jur., 908,** and supporting cases.

**Proposition 4.** To the effect that the pretended action of the infant stockholder, directors and officers in voting salaries is a nullity under the laws of Ohio, not merely voidable, but void and incapable of ratification. **Riggs v Gilbert Grocery Co., 116 Oh St 343; Stepfield v Fulton, 126 Oh St 351; State, ex rel. Squire v Miller, 62 Oh Ap 43; 10 O. Jur., 666,** and other authorities.

**Proposition 5.** It is asserted that shareholders are disqualified and may not vote or authorize salaries to themselves as officers and directors. Citing **State, ex rel. Squire v Miller, 62 Oh Ap 43.**

Counsel for appellant summarizes his claim by the statement that the Court of Common Pleas in an action by an infant plaintiff in his own name never had jurisdiction of Kimball Brothers, Inc., for the reason that such purported jurisdiction depends entirely upon a void warrant of attorney; that even had there been a meeting of directors of which there are no formal minutes, the action of the two Kimball Brothers would be void even without the infant disability of Erwin, because each was necessary to constitute a quorum or to vote to authorize the execution of the cognovit note which is equally true of their attempt to fix and vote salaries to themselves. It is asserted that not only is the proceeding on the cognovit note and judgment irregular and subject to being vacated because an incompetent plaintiff sought to function, but the warrant of attorney and the pretended act of the directors in attempting to fix and vote the salary are void and that no action could be maintained thereon.

The Court below rendered a decision which we have carefully studied, in which he recites the facts substantially as above enumerated. The Court meets the claim of the appellant that the directors could not fix their own salaries by pointing out that the shareholders at their meeting of July 12, 1939, by unanimous vote fixed the salaries in question at $2600.00 each, in the event a director was elected to either of the executive positions. This action was never rescinded nor the salaries changed. Ida M. Kimball was present at this stockholders meeting. The Court distinguishes the case of Smead Foundry Co. v. Chesbrough, 18 O. C. C., 783, as authority for setting aside the judgment by pointing out that there is a provision of the corporate code in that case that no judgment note shall be given on the property of the company unless authorized by the stockholders.

While the control and management of a corporation is in its directors, such directors should meet and function as the law contemplates; that in the case at bar the board did not function, and did not meet as required by the bylaws. It is admitted that the Kimball Brothers were the acting managing officers and as such constituted the majority of the board. The Court quotes from, and relies upon, the case of **Jackson v Nelsonville Foundry & Machine Co., 6 Oh Ap 171,** and especially cites the 8th syllabus, stating that it is particularly applicable to the instant case. The Court holds that

if the board of directors fails to function the authority may be enlarged beyond the powers inherent in the office of a director by the consent and acquiescence of the directors and stockholders in permitting such executive officer to take control of the business of the corporation.

The Court holds that the directors of the Kimball Brothers were as guilty of failure to function as in the Jackson case, and is of the opinion that this failure to act enlarged upon the normal duties of the executive officers in executing the note in question. The Court concludes that the act of the treasurer in executing the note in question was the act of the corporation and that the defendant has failed to establish any of the necessary acts.

We will not take the time to examine at length the two cases most prominently relied upon by the parties, but are of the opinion that they amply sustain the judgment of the Court below. As to the question of infancy, the act of an infant is not void, but voidable. The infant in this case took no action to set aside the judgment after he arrived at majority. The action was not derogatory to his interest and his failure to repudiate his act after majority amounts to a ratification. There are abundant cases to this effect, even though counsel for appellant may have cited a number of authorities to the contrary.

Judgment of the Court below affirmed.

BARNES, P. J. and HORNBECK, J., concur.